BACHE et al. v. SCHAUBLE.

(Circuit Court, D. New Jersey. May 27, 1907.)

COMPROMISE AND SETTLEMENT—EVIDENCE—SUFFICIENCY.

Evidence considered, and *held* to sustain the allegations of a bill that complainants and defendant entered into a contract for the settlement of an action at law pending between them and to entitle complainants to a decree for specific performance thereof.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 10, Compromise and Settlement, § 94.]

In Equity. Suit for specific performance and injunction.

McCarter & English, for complainants.
Frank E. Bradner, for defendant.

LANNING, District Judge. By their bill of complaint, the complainants allege that on the Friday following April 18, 1906, which was April 20th, they entered into a compromise agreement with the defendant for the settlement of an action at law then pending in this court brought by the defendant against the complainants. They allege that the agreement was that the complainants should pay the defendant, in full settlement of the action, the sum of $875, and that the defendant has repudiated the agreement. They seek by the present proceeding a decree for specific performance and an injunction restraining the defendant from the further prosecution of his action at law.

The defendant, by his answer, absolutely and unqualifiedly denies that he ever entered into such an agreement. All the other issues presented by the pleadings are merely incidental to this one issue.

The proofs show that the trial of the action at law was commenced in this court on April 18, 1906, and was continued until the afternoon of Friday, April 20th. That the counsel who appeared and took part in the examination of witnesses for, and in arguments on behalf of, the defendant, Schauble, were Mr. King and Mr. Lindabury, of the firm of Vreeland, King, Wilson & Lindabury, who were the attorneys of record for Schauble, and Mr. Lum who, though not retained by Schauble, had entered into an agreement with Mr. King to aid Mr. King in the trial of the case; it being understood that Mr. King would aid Mr. Lum in the trial of another case on the calendar for the March term of 1906. That the counsel who appeared on behalf of J. S. Bache & Co., the defendants in the action at law and the complainants here, were Mr. McCarter and Mr. Wollman, who were aided by Mr. Day; the last-named gentleman having been retained not by J. S. Bache & Co., but by a surety company who were interested with J. S. Bache & Co. in the trial of the case. While the defendant denies that Mr. Lum represented him, the fact is, as the proofs show, that Mr. Lum was very active in the trial of the action at law in examining witnesses and in making arguments on the admissibility of testimony, and that this service was performed in the interest of, and in the presence of, the defendant Schauble. Mr. King, who the defendant admits was one of his attorneys, testifies that on Friday afternoon, April 20th, while the trial was progressing, he learned that an offer of settlement had been

made, and that he suggested that Mr. Lum, Mr. Lindabury, and the defendant, Schauble, go to the corridor outside of the courtroom for a conference. He says that such a conversation was there had, and that they came back into the courtroom about a half hour later, when the court was adjourned until the following Tuesday. By other witnesses it is shown that the adjournment was had somewhat earlier in the afternoon than usual, because it was intimated to the court that negotiations for a settlement of the case were pending. Mr. Lum, in the course of his testimony, says:

"I know that I talked with Mr Schauble on a little settee in the hall room, outside of the court, on the Friday afternoon for 15 minutes, and told him that I thought I could possibly get a thousand dollars, and he said: 'Get it if you can.' I said: 'If they won't give that much, we had better take a little less.' He said: 'Do so if you think best.' And after I had gotten the settlement I submitted it to him, and he agreed to take it. I talked it over with him coming up again on the train (that is, between Trenton and Elizabeth) alone with him and in the presence of Mr. King."

Mr. Lum further testifies that, while he and the defendant, Schauble, and the other persons present at the trial were standing on the station platform at Trenton on Friday afternoon after the adjournment of court, he agreed with Mr. Day upon a settlement of the case for the sum of $875. Having agreed upon this sum, he says:

"I stepped over about 10 feet away, where Mr. Schauble and Mr. King were standing, and submitted it to them, and asked if we should settle. Q. Submitted what? A. The figure of $875. We talked, the three of us, a minute or two, and then it was agreed that that figure, if it was the best that could be gotten, should be taken, and I stated that it was the best that I possibly could get, I knew. And Mr. Schauble then said: 'Then, take it.' Mr. King agreed, and I stepped over, and so stated to Mr. Day, and as I recall you (Mr. McCarter) were present then, and Mr. Day said: 'Very well, then, that settles the case, and will you give us a general release?' I said: 'Yes, we will give you a general release when you give us $875.' Then coming up in the train most of the way I sat in the little closed compartment with Mr. Lindabury at the end, and nothing at all was said about the settlement. We were discussing other matters of interest. Ten minutes before we got to Elizabeth I went back and spoke to Mr. Schauble. He was with Mr. King, and we talked the matter over, and Mr. Schauble expressed a desire that the terms should be kept secret, and I came forward to your car and asked you to preserve that, and was assured that that would be done. And just as Mr. Schauble was getting off I shook hands with him, and told him the terms would be kept secret."

The defendant, Schauble, testifies that he had no conversation whatever with Mr. Lum either on the station platform at Trenton or on the train between Trenton and Elizabeth, and that he thinks he first learned of the proposed settlement from Mr. Lindabury at his office on the next day, Saturday, or the following Monday, and that he then understood he was to give a release and to get $875, with costs of suit. The fact, however, is that on Monday, April 23d, he executed a general release to the complainants, in which it was recited that the consideration was $875. No mention is made therein of the payment of costs or of any other consideration. He also acknowledged the release before Mr. Lindabury on the day of its date. Another fact clearly established by the proofs is that neither Mr. Schauble, nor any of his attorneys, nor any of the attorneys on the other side, appeared in court

on the following Tuesday, and that, because of notice to the court that the case had been settled, the jury were discharged from further attendance in the case.

The evidence given by Mr. Schauble himself shows that he knew that negotiations for settlement were pending before he left the court-room on Friday, April 20th. He says that during the last day of the trial "he heard there was a treaty going on," but that he did not know what it was; that he heard it "in the courtroom"; and that he thinks it was Mr. Lindabury who told him. He further declares that during the week beginning April 23d he learned that the complainants demanded, as a condition of the settlement, the delivery to them of a certain receipt offered in evidence in the course of the trial, but that he refused to deliver it. This demand was doubtless made, but it was subsequently abandoned by the complainants, who tendered to Schauble's attorneys the $875, upon receipt of the general release and one or two other papers about which there is no dispute.

The evidence satisfies me that the defendant authorized Mr. Lum, when they were in the corridor on Friday afternoon, to settle the case. Immediately after the close of the conference there had, the court was adjourned until the following Tuesday on the suggestion of counsel on both sides. I am further satisfied that the agreement for settlement was completed at the station in Trenton on Friday afternoon after the court had adjourned, and that the defendant expressly assented to the terms of the agreement. The request of the complainants for the above-mentioned receipt, when they tendered the money they had agreed to pay, furnishes no defense to the defendant, since the complainants withdrew the request on the defendant's refusal to deliver it, and since no such defense is set up in the answer. If in his answer the defendant had admitted making the agreement, and had insisted that subsequently the complainants repudiated that agreement, and attempted to obtain a settlement on new terms, and that thereupon he, too, repudiated the agreement, a very different issue would have been presented. But, as already stated, the defense set up in the answer is an absolute denial that any agreement of any kind was ever made. On that issue, the weight of the testimony is in favor of the complainants.

The complainants are entitled to the decree prayed for.